# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 16, 2010

139345-7(108)(109)

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
      Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
      Defendants-Appellants.
_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
      Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
      Defendants-Appellants.
_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
      Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139345
COA: 278652
Ingham CC: 07-000242-CZ

SC: 139346
COA: 278858
Ingham CC: 07-000242-CZ

SC: 139347
COA: 278860
Ingham CC: 07-000242-CZ

MICHIGAN,

          Defendants-Appellants.

_____/

On order of the Court, the motion for reconsideration of this Court's April 30, 2010 order is considered, and it is GRANTED. We VACATE our order dated April 30, 2010. On reconsideration, leave to appeal having been granted and the briefs and oral argument of the parties having been considered by the Court, we REVERSE the June 11, 2009 judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion. The defendants are entitled to summary disposition because, as the Court of Appeals dissenting opinion recognized, the plaintiffs' claims are not justiciable. Accordingly, we REMAND this case to the Ingham Circuit Court for entry of summary disposition in favor of the defendants. The motion for stay is DENIED.

MARKMAN, J. (*concurring*).

I concur with the order granting defendant's motion for reconsideration, vacating this Court's order of April 30, reversing the Court of Appeals, and remanding to the trial court for entry of summary disposition in favor of defendants. In our prior order, we affirmed the result of the Court of Appeals, asserting that because "[t]his case is at its earliest stages and, based solely on the plaintiffs' pleadings in this case, it is premature to make a decision on the substantive issues." This was error for two reasons. First, as defendants observe, this order vacated the Court of Appeals opinion without articulating any governing standards. Second, it is not premature to decide this case because the precise issue presented is whether plaintiffs have stated a claim on which relief can be granted, and this, as well as the threshold justiciability issues, can be determined on the face of the complaint. Defendants, in my view, are entitled to summary disposition for the following reasons set forth in the Court of Appeals' dissent:

(1) The U.S. Supreme Court in *Gideon v Wainwright*, 372 US 335 (1963), and *Strickland v Washington*, 466 US 668 (1984), "was concerned with results, not process. It did not presume to tell the states *how* to assure that indigent criminal defendants receive effective assistance of counsel." 284 Mich App 246, 357 (2009).

(2) Plaintiffs' claims would have "the judiciary override the Michigan system of local control and funding of legal services for indigent criminal defendants," despite the absence of any constitutional violation. *Id*. at 358.

(3) Plaintiffs' claims are not sufficient to create a presumption of either prejudice, or prejudice per se, that would warrant either declaratory or injunctive relief. *Id*. at 361.

(4) Plaintiffs lack standing, and, therefore, their claims are not justiciable. *Id*. at 371.

(5) Plaintiffs' claims are not ripe for adjudication, and, therefore, their claims are not justiciable. *Id*. at 371, 376.

(6) Plaintiffs' claims are not justiciable and, therefore, the relief they seek should not be granted. *Id*. at 385.

(7) In finding a justiciable controversy, the Court of Appeals erred in adopting a number of assumptions that are conjectural and hypothetical, including assumptions that plaintiffs and the class they purport to represent will be convicted of the crimes with which they are charged; that such convictions will result from prejudice stemming from ineffective assistance of counsel; that such ineffective assistance will be attributable to the inaction of defendants; and that trial and appellate judges will be unable or unwilling to afford relief for such violations of the Sixth Amendment. *Id*. at 368-370.

(8) There is no constitutional precedent that "guarantees an indigent defendant a particular attorney" or an "attorney of a particular level of skill"; that requires a "predetermined amount of outside resources be available to an attorney"; or that requires that there be a "meaningful relationship with counsel." *Id*. at 370.

(9) The Court of Appeals assertions that affording plaintiffs injunctive relief "could potentially entail a cessation of criminal prosecutions against indigent defendants," *id*. at 273, and "that nothing in this opinion should be read as foreclosing entry of an order granting the type of relief so vigorously challenged by defendants," *id*. at 281, accurately describe the potential consequences of its opinion, which consequences would constitute an altogether unwarranted and improper response to plaintiffs' claims. *Id*. at 380-385.

(10) The Court of Appeals has "issued an open invitation to the trial court to assume ongoing operational control over the systems for providing defense counsel to indigent criminal defendants in Berrien, Genesee and Muskegon counties." And with that invitation comes a "blank check" on the part of the judiciary to "force sufficient state level legislative appropriations and executive branch acquiescence" in assuming similar control over the systems in every county in this state, while "nullifying the provisions" of the criminal defense act and "superseding the authority of the Supreme Court and the State Court Administrator." *Id*. at 383-384.

For all of these reasons, I agree with the Court of Appeals dissent that defendant's motion for summary disposition should have been granted.[1]

---

[1] Specifically, however, I do not agree necessarily with the Court of Appeals dissent that our state "has not fully met its obligations" under *Gideon* and *Strickland*. *Id*. at 398. It is unnecessary to address this issue at this time.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.

KELLY, C.J. (*dissenting*).

The motion for reconsideration should be denied. It adds nothing new to warrant an outcome different from the one correctly reached in this Court's April 30, 2010 order. Thus, there is no basis for this Court's decision to reverse the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

This case involves a class action suit brought by indigent criminal defendants in Berrien, Genesee, and Muskegon counties. Plaintiffs allege that they, as well as future indigent defendants subject to felony prosecutions, are being denied their state and federal constitutional rights to counsel and the effective assistance of counsel. Plaintiffs allege that these constitutional violations stem directly from the indigent defense systems currently used in those counties.

The trial court certified plaintiffs' claims as a class action and denied defendants' motions for summary disposition. Defendants filed an interlocutory appeal in the Court of Appeals, which affirmed the trial court in a divided opinion.[2] Judge WHITBECK dissented and would have granted summary disposition to defendants. He concluded that plaintiffs lacked standing, that their claims were neither ripe nor justiciable, and that the class had been erroneously certified.[3]

Defendants appealed to this Court, and we granted leave to appeal.[4] We heard oral argument in April 2010. On April 30, 2010, we issued an order affirming the result reached by the Court of Appeals.[5] The order was premised on the important consideration that this case is at its earliest stages. Given that we must rule solely using plaintiffs' pleadings, it is premature to make a decision on the substantive issues. Finally, our order vacated the trial court's grant of class certification and remanded the case to that court for reconsideration in light of our decision in *Henry v Dow Chemical*.[6] Notably, no justice dissented from that order.

---

[2] *Duncan v State of Michigan*, 284 Mich App 246 (2009).

[3] *Id.* at 371, 376, 380, 388 (WHITBECK, J., dissenting).

[4] *Duncan v State of Michigan*, 485 Mich 1003 (2009).

[5] *Duncan v State of Michigan*, 486 Mich 906 (2010).

Defendants filed this motion for reconsideration on May 21, 2010. In it, defendants restate the same arguments from their application for leave to appeal. Their only new argument criticized our April 30 order as failing to provide proper guidance for the lower court.

## WHAT HAS CHANGED?

Our court rules require that in order to be entitled to relief[7] a litigant seeking reconsideration must demonstrate that our previous ruling rested on a "palpable error." Yet there is nothing in defendants' motion for reconsideration of which we were not fully aware when we issued our previous order. What has changed warranting a different outcome now? Defendants complain that this Court's original order affirms the result of the Court of Appeals decision and vacates its reasoning without articulating any governing standards. However, we were certainly aware when we issued our previous order that, by affirming only the result reached by the Court of Appeals, we were remanding the case without a controlling standard.

Indeed, the only arguments proffered in favor of granting reconsideration are a revival of arguments that our previous order rejected. In their answer, plaintiffs correctly note that defendants' motion merely repeats the arguments it made earlier and that defendants are effectively asking this Court to issue an advisory opinion.

## PLAINTIFFS' CLAIMS ARE JUSTICIABLE

Regarding the substantive issues in this case, our prior order correctly affirmed the result that the Court of Appeals majority reached. The concerns about the justiciability of plaintiffs' claims spelled out in Judge WHITBECK's dissenting opinion and accepted by the majority here are premature. Virtually all of those concerns relate to the type of relief sought by plaintiffs. The dissent criticized the majority for accepting four "assumptions" by allowing the case to go forward.[8] Yet the dissent failed to acknowledge that its

---

[6] *Henry v Dow Chemical*, 484 Mich 483 (2009).

[7] MCR 2.119(F)(3).

[8] *Duncan*, 284 Mich App at 369-370 (WHITBECK, J., dissenting):

> For [plaintiffs'] claims to be resolved *pre*-conviction requires at least four basic assumptions:

reasoning rested on four unsupported assumptions of its own: (1) that plaintiffs would prevail on the merits, (2) that the trial court would order sweeping declaratory and injunctive relief beyond the scope of its authority, (3) that such relief would necessarily entail the judicial branch taking "operational control" of the indigent defense systems in the counties in question, and (4) that if all of the above occurred, proper appellate review at that juncture would somehow be inadequate.

I find the assumptions of the Court of Appeals majority less troubling than those of the dissent, particularly given that this case is before us at a very preliminary stage. Thus, I agree with the Court of Appeals majority that "the trial court has jurisdiction and authority to order declaratory relief, prohibitory injunctive relief, and some level of mandatory injunctive relief, the full extent of which we need not presently define."[9]

At this preliminary stage, plaintiffs' claims adduce facts that establish that they have standing, and that their claims are ripe. Also, they state a claim upon which relief can be granted. Today's order slams the courthouse door in plaintiffs' face for no good reason.

CONCLUSION

The majority's decision to grant reconsideration and reverse the Court of Appeals judgment rests on no new information and on no "palpable error." Because I

---

• That the Duncan plaintiffs, and the class members they purport to represent, will in fact be convicted of the crimes with which they are charged or of some lesser offense;

• That inactions of the state and the Governor will have caused such convictions; that is, these inactions will have so prejudiced the defense that the Duncan plaintiffs and the class they purport to represent will have been denied their Sixth Amendment right to a fair trial;

• That the trial courts in the three named counties will be unable or unwilling to correct such results by ordering new trials on the basis of a finding of deficient performance and prejudice to the individual defendants; and

• That it is likely that if the Duncan plaintiffs are granted the preconviction declaratory and injunctive relief they seek, this will redress the situation for them and for the class they purport to represent.

[9] *Duncan*, 284 Mich App at 254-255.

continue to believe that our order of April 30 correctly rejected defendants' arguments in favor of its motions for summary disposition, I dissent.

CAVANAGH and HATHAWAY, JJ., join the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 16, 2010

Clerk

d0714